UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES E. ALIFF and<br>SAVANNAH DIANNE McNORRILL,<br>on behalf of themselves and all others<br>similarly situated, | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Civil Action No. 1:14-cv-00198<br>Judge J. Randal Hall |
| RESURGENT CAPITAL SERVICES and<br>LVNV FUNDING, LLC, | )<br>) | Magistrate Judge Brian K. Epps |
| Defendants. | )<br>)<br>) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS RESURGENT CAPITAL SERVICES, L.P. AND
LVNV FUNDING, LLC TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendants Resurgent Capital Services, L.P., improperly sued as Resurgent Capital Services, and LVNV Funding, LLC (collectively "Defendants") hereby answer the Class Action Complaint (the "Complaint"). Except as expressly admitted herein below, Defendants deny all allegations in the Complaint

**First Defense**

Defendants assert all defenses to the Complaint that are or may be available to them under Fed. R. Civ. P. 12(b).

**Second Defense**

The Complaint fails to state claims against Defendants upon which relief may be granted. Accordingly, Defendants assert a right to file a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## Third Defense
## As to the Numbered Paragraphs

1. Denied as stated. Defendants admit that Plaintiffs seek to assert claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), on behalf of themselves and a class of plaintiffs. None of said acts give rise to an award of actual damages, statutory damages, costs or attorney's fees. Defendants deny the remaining allegations set forth in paragraph 1 of the Complaint. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

2. Defendants deny the allegations set forth in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendants lack knowledge and information sufficient to form a belief whether Mr. Aliff was a resident of Laurens County, Georgia, at the times pertinent to this lawsuit.

4. Defendants lack knowledge and information sufficient to form a belief whether Ms. McNorrill was a resident of Columbia County, Georgia, at the times pertinent to this lawsuit.

5. Denied as stated. Defendants admit that Resurgent Capital Services, L.P. is a Delaware limited partnership whose principal place of business is located in Greenville, South Carolina. Defendants deny the remaining allegations set forth in paragraph 5 of the Complaint. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

6. Denied as stated. Defendants admit that LVNV Funding, LLC is a Delaware limited liability company whose principal place of business is located in Greenville, South Carolina. Defendants deny the remaining allegations set forth in paragraph 6 of the Complaint. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

7. Denied as stated. Defendants admit that they are subject to personal jurisdiction in this Court. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

8. Denied as stated. The allegations in paragraph 8 of the Complaint are legal conclusions that do not lend themselves to an answer. If an answer is required, however, then Defendants aver that although Plaintiffs filed this case in the Superior Court for the County of Columbia, State of Georgia, Defendants properly removed it to federal court. Therefore, if paragraph 8 of the Complaint alleges that venue is proper only in in the Superior Court for the County of Columbia, State of Georgia, then Defendants deny the same.

## GENERAL ALLEGATIONS

9. The allegations in paragraph 9 of the Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Defendants deny the same. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

10. The allegations in paragraph 10 of the Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Defendants deny the same. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

11. The allegations in paragraph 11 of the Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Defendants deny the same. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

12. The allegations in paragraph 12 of the Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Defendants deny the same. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

13. The allegations in paragraph 13 of the Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Defendants deny the same. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

14. The allegations in paragraph 14 of the Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Defendants deny the same. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

15. Defendants deny the allegations set forth in paragraph 15 of the Complaint.

16. Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19. The allegations in paragraph 19 of the Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Defendants deny the same. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

20. The referenced proof of claim speaks for itself. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

21. The allegations in paragraph 21 of the Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Defendants deny the same. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

22. The referenced proof of claim speaks for itself. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

23. The allegations in paragraph 23 of the Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Defendants deny the same. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

24. Defendants admit the allegations set forth in paragraph 24 of the Complaint.

25. The allegations in paragraph 25 of the Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Defendants deny the same. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

26. The referenced proof of claim speaks for itself. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

27. The allegations in paragraph 27 of the Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Defendants deny the same. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

28. The referenced proof of claim speaks for itself. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

29. The allegations in paragraph 29 of the Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Defendants deny the same. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

30. Defendants admit the allegations set forth in paragraph 30 of the Complaint.

31. The allegations in paragraph 31 of the Complaint are legal conclusions that do not lend themselves to an answer and, consequently, Defendants deny the same. Defendants affirmatively aver that they have not committed any violation or other wrongdoing.

**CLASS ALLEGATIONS**

32. Defendants admit that Plaintiffs seek to assert claims under the FDCPA on behalf of themselves and a class of plaintiffs. Defendants deny that Plaintiffs are qualified representatives of any class of plaintiffs and that a class action is appropriate. Defendants deny the remaining allegations set forth in paragraph 32 of the Complaint.

33. Defendants admit that Plaintiffs seek to assert claims under the FDCPA on behalf of themselves and a class of plaintiffs. Defendants deny that Plaintiffs are qualified representatives of any class of plaintiffs and that a class action is appropriate. Defendants deny the remaining allegations set forth in paragraph 33 of the Complaint.

34. The allegations in paragraph 34 of the Complaint are legal conclusions that do not lend themselves to an answer.

35. Defendants admit that Plaintiffs seek to assert claims under the FDCPA on behalf of themselves and a class of plaintiffs. Defendants deny that Plaintiffs are qualified representatives of any class of plaintiffs and that a class action is appropriate. Defendants deny the remaining allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in paragraph 52 of the Complaint.

## CLAIMS

### Count I
### The Fair Debt Collection Practices Act / Injunction

53. Defendants restate and reallege their answers to the averments set forth in the preceding paragraphs of the Complaint above as though fully set forth herein.

54. Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in paragraph 57 of the Complaint.

58. Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61. Defendants deny the allegations set forth in paragraph 61 of the Complaint.

### Count II
### Unjust Enrichment

62. Defendants restate and reallege their answers to the averments set forth in the preceding paragraphs of the Complaint above as though fully set forth herein.

63. Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in paragraph 66 of the Complaint.

67. Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in paragraph 68 of the Complaint.

69. Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70. Defendants deny the allegations set forth in paragraph 70 of the Complaint.

71. Defendants deny the allegations set forth in paragraph 71 of the Complaint.

72. Defendants deny all allegations set forth in the Complaint not specifically admitted herein.

73. Defendants deny that Plaintiffs are entitled to relief requested in their prayer for relief, or any other relief, from Defendants.

### **Fourth Defense**

Defendants assert that Plaintiffs' claims are preempted, precluded, and/or displaced by the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

### **Fifth Defense**

Plaintiffs' claims are barred by a statute of limitations, 15 U.S.C. § 1692k(d).

### **Sixth Defense**

Defendants affirmatively reserve the right to prove as to any alleged violation, whether specifically alleged in the Complaint or otherwise, to be the result of a *bona fide* error, notwithstanding the maintenance of procedures reasonably adopted to avoid any such error as provided by 15 U.S.C. §1692k(c). Any acts by Defendants that may have violated the FDCPA, which are denied, are defensible under the *bone fide* error defense provided by the FDCPA.

**Seventh Defense**

Actions by Defendants, if any as alleged, were not by any means violative of or prohibited by or actionable under the FDCPA or common law, including those alleged in the Complaint and, in any event, were in good faith, inadvertent, simple mistakes, not willful or intentional attempts to violate the FDCPA or common law, and, at most, were mere technical violations. None of said acts give rise to an injunction or award of actual damages, statutory damages, costs, attorney's fees or interest or other requested relief.

**Eighth Defense**

Defendants assert all affirmative defenses that are or may become available (upon further investigation or discovery) under Fed. R. Civ. P. 8(c).

**Ninth Defense**

Defendants' counsel has not had opportunity to fully investigate all of the facts and circumstances involved in this action and this Answer will be amended pursuant to the Federal Rules of Civil Procedure should other defenses be uncovered during investigation. Defendants reserve the right to amend its affirmative defenses.

WHEREFORE, Defendants pray that the Complaint be dismissed, with its costs.

Respectfully submitted,


s/Derek W. Edwards
Derek W. Edwards (TN BPR No. 021455)
(admitted *pro hac vice*)
Todd R. Hambidge (TN BPR No. 028671)
(admitted *pro hac vice*)

WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: derek.edwards@wallerlaw.com
todd.hambidge@wallerlaw.com

Benjamin H. Brewton, Esq.
Jason W. Blanchard, Esq.
Tucker, Everett, Long, Brewton & Lanier, PC
453 Greene Street
Augusta, Georgia 30901
Telephone: (706) 722-0771
Facsimile: (706) 722-7028
Email: bbrewton@tuckerlong.com
jblanchard@tuckerlong.com

*Attorneys for Defendants Resurgent Capital Services, L.P. and LVNV Funding, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

>Chris A. Cosper, Esq.
>David E. Hudson, Esq.
>HULL BARRETT, P.C.
>Sun Trust Bank Building
>801 Broad Street, Seventh Floor
>Augusta, Georgia  30901
>Telephone:    (706) 722-4481
>Facsimile:    (706) 722-9779
>Email:        dhudson@hullbarrett.com
>              ccosper@hullbarrett.com
>
>Angela McElroy-Magruder, Esq.
>CLAEYS McELROY-MAGRUDER & ASSOC.
>512 Telfair Street
>Augusta, Georgia  30901
>Telephone:    (706) 724-6000

>>s/Derek W. Edwards
>>
>>Derek W. Edwards (TN BPR No. 021455)
>>(admitted *pro hac vice*)
>>Todd R. Hambidge (TN BPR No. 028671)
>>(admitted *pro hac vice*)
>>
>>WALLER LANSDEN DORTCH & DAVIS, LLP
>>Nashville City Center
>>511 Union Street, Suite 2700
>>Nashville, Tennessee  37219
>>Telephone:    (615) 244-6380
>>Facsimile:    (615) 244-6804
>>Email:        derek.edwards@wallerlaw.com
>>              todd.hambidge@wallerlaw.com

Benjamin H. Brewton, Esq.
Jason W. Blanchard, Esq.
Tucker, Everett, Long, Brewton & Lanier, PC
453 Greene Street
Augusta, Georgia  30901
Telephone:	(706) 722-0771
Facsimile:	(706) 722-7028
Email:		bbrewton@tuckerlong.com
		jblanchard@tuckerlong.com

*Attorneys for Defendants Resurgent Capital Services, L.P. and LVNV Funding, LLC*