IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES ALIFF and SAVANNAH DIANNE McNORRILL, on behalf of themselves and all others similarly situated, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CV 114-198 |
| RESURGENT CAPITAL SERVICES and LVNV FUNDING, LLC, | * * * * | |
| Defendants. | * | |

**O R D E R**

On May 4, 2015, the Court stayed three cases on its docket pending the Eleventh Circuit Court of Appeals' decision in <u>Johnson v. Midland Funding, LLC</u>, No. 15-11240 (11th Cir. Mar. 24, 2015).[1] Upon review, the Court finds that a stay is equally appropriate in this matter. Indeed, as Defendants point out in brief (Doc. 49), Plaintiffs' argument that "acceptance" of payments on a time-barred debt constitutes a violation of the Fair Debt Collection Practices Act ("FDCPA") separate and apart from filing the related time-barred proof of claim is identical to that presented in <u>McNorrill v. Asset Acceptance, LLC</u>, No. 1:14-cv-210 (S.D. Ga. Nov. 7, 2014). Defendants similarly raise a statute of limitations defense.

Nevertheless, the Court recognizes that the parties in this matter have not been afforded an opportunity to respond to the propriety of a

---

[1] <u>Ford v. Quantum3 Group, LLC et al.</u>, No. 1:15-cv-031, Doc. 7; <u>McNorrill v. Asset Acceptance, LLC</u>, No. 1:14-cv-210, Doc. 29; <u>Willis v. Cavalry Investments, LLC et al.</u>, No. 1:14-cv-227, Doc. 34.

stay. For that reason, each party shall have **SEVEN DAYS** to file a response, if they wish, to the imposition of a stay. Failure to file a response within seven days shall indicate there is no opposition to the Court's proposed course of action.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of May, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA