# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES ALIFF and SAVANNAH DIANNE MCNORRILL, on behalf of themselves and all others similarly situated, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CV 114-198 |
| RESURGENT CAPITAL SERVICES and LVNV FUNDING, LLC, | * * * | |
| Defendants. | * | |

## O R D E R

In this case, Plaintiffs allege that Defendants violated the FDCPA by filing proofs of claim on stale debts in the plaintiffs' bankruptcy proceedings. The Court previously stayed this matter pending the Eleventh Circuit's resolution of Johnson v. Midland Funding, LLC. (See Doc. 51.) On May 24, 2016, the Eleventh Circuit issued its ruling in Johnson. See Johnson v. Midland Funding, LLC, 823 F.3d 1334 (11th Cir. 2016). On October 11, 2016, Plaintiff filed its Motion to Lift Stay and Motion for Leave to Amend Complaint. (Docs. 52, 53.) On October 28, 2016, Defendants filed their responses in opposition to Plaintiff's aforementioned motions, noting that the Supreme Court has granted certiorari in Johnson. See Johnson v. Midland Funding, LLC, 823 F.3d 1334, cert. granted, 2016 WL 4944674 (U.S. Oct. 11, 2016). Accordingly, Defendants request that the

Court deny Plaintiffs' motions and stay this case pending the Supreme Court's decision.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Luster v. Sterling Jewelers, No. 1:15-cv-2854-WSD, 2015 WL 9255553, at *2 (N.D. Ga. Dec. 17, 2015) (internal quotations and citation omitted). "A variety of circumstances may justify a district court stay pending the resolution of a related case in another court." Ortega Trujillo v. Conover & Co. Commc'ns, 221 F.3d 1262, 1264 (11th Cir. 2000). When a decision by the Supreme Court may be dispositive, a stay pending that decision is warranted. See Luster, 2015 WL 9255553, at *3.

Because the issues on which the Supreme Court granted certiorari are likely dispositive in these cases, a stay is warranted.[1] Accordingly, upon due consideration, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Lift Stay (doc. 52) is **DENIED**. This case shall be **STAYED** pending the Supreme Court's decision in Johnson v. Midland Funding, LLC, at which time any party may move to lift the stay.[2]

---

[1] The Court has also stayed three similar cases on its docket for the same reasons. See Ford v. Quantum3 Group, LLC, et al., No. 1:15-cv-031, Doc. 31; McNorrill v. Assets Acceptance, LLC, No. 1:14-cv-210, Doc. 57; Willis v. Cavalry Investments, LLC, et al., No. 1:14-cv-227, Doc. 60.

[2] Because the Supreme Court's decision in Johnson may prove dispositive, the Court **DEFERS** ruling on Plaintiff's Motion for Leave to Amend Complaint (doc. 53) until the stay imposed hereby is lifted.

2

**ORDER ENTERED** at Augusta, Georgia, this \_\_\_9th\_\_\_ day of January, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA